UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JOSE LUIS SANCHEZ,                        :

                   Plaintiff,     :     14 Civ. 5468 (HBP)

   -against-                       :     OPINION
                              AND ORDER
CHARITY REST. CORP, d/b/a/          :
"Caridad Restaurant," LAZARO
PICHARDO and RUBEN PICHARDO,        :

              Defendants.     :

----------------------------------X

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint applica-
tion to approve the settlement reached in this matter.  The
application was made immediately before the trial was scheduled
commence on December 3, 2015.  The parties have consented to my
exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       This is an action for allegedly unpaid overtime pay
brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§
201 et seq. and the New York Labor Law.  Plaintiff was formerly
employed as a cook at a restaurant owned and operated by the
defendants and located at 51 East 170th Street, Bronx, New York.
Exclusive of liquidated damages, plaintiff claims he is owed
$98,580 in unpaid overtime.  Plaintiff also claims that he is
owed approximately $178,198 in liquidated damages plus an addit-

tional $5,000 for violations of certain New York State notice requirements. Defendants claim that plaintiff did not work the hours he claims to have worked and that he took daily breaks during the work day for which he is not entitled to be paid. Defendants do not contest the notice violations. Neither side has any records concerning the hours plaintiff, and it appears that the only evidence concerning the hours plaintiff worked is the testimony of plaintiff and the two individual defendants.

The gross settlement amount is $140,000.00.[1]   The foregoing settlement was reached after repeated a lengthy settlement conference attended by counsel for both sides and the principals.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settle-

---

[1]The parties agree that this sum will be paid as follows: (1) $25,000 to be paid within 45 days of my Order approving the settlement; (2) $115,000 to be paid 24 equal monthly installments thereafter.  Each of the defendants also agrees to execute a confession of judgment in the amount of $140,000; in the event of default, the confession of judgment can be entered for the actual amount of the settlement remaining unpaid as of the date of the default.  The settlement funds will be paid to plaintiff's counsel and will be reported to the relevant taxing authorities on a Form 1099.  Finally, the parties agree to exchange general releases.

2

ment."  Id. (citing Lynn's Food Stores, Inc. v. United
States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1
(S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).  "Typically, courts regard
the adversarial nature of a litigated FLSA case to be an adequate
indicator of the fairness of the settlement."  Beckman v.
Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.),
citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,
1353-54 (11th Cir.1982).

        I conclude that the settlement reached by the parties
is fair and reasonable.  Plaintiff has no written records of the
hours that he worked.  Although plaintiff's recollection of his
hours is sufficient to prove the hours that he worked, Anderson
v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded
by statute, Portal-to-Portal Act of 1947, 29 U.S.C. § 216(b)
(2006), as recognized in Gorman v. Consol. Edison Corp., 488 F.3d
586, 590 (2d Cir. 2007), his recollection is not binding on the
fact finder.  Given plaintiff's interest in the outcome and the
contradictory testimony defendants would offer if the case
proceeded to trial, it is probable that I would apply some
discount factor to plaintiff's claimed hours or may conclude that
plaintiff has no claim for overtime pay at all.  Nevertheless,

the settlement gives plaintiff more than his claimed actual
damages.

In addition, although the settlement does not award
plaintiff all of the liquidated damages to which he may be
entitled, the fact that the settlement awards more than one
hundred cents for each dollar of actual damages suggests that
plaintiff will be receiving some liquidated damages.[2]

The fact that the matter is being resolved by way of
settlement also eliminates the burden and uncertainty of collec-
tion proceedings.

Given the conflicting evidence, the quality of the
evidence and counsel and the allocation of the burden of proof on
plaintiff, the settlement represents a reasonable compromise with
respect to contested issues.  I, therefore, approve it.  Reyes v.
Altamarea Group, LLC, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6
(S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

---

[2]The parties also dispute whether defendants' sales meet the
$500,000 gross sales requirement that must be met before an
employer is covered by the FLSA.  This, issue, however is not of
great importance.  The weight of authority holds that the
$500,000 gross sales requirement is not jurisdictional.  Angel v.
Harvest C-Food Inc., 14 Civ. 6035 (SHS), 2015 WL 7288622
(S.D.N.Y. Nov. 16, 2015).  Thus, the gross sales requirement only
impacts plaintiff's right to recover liquidated damages under the
FLSA.  Even if defendants' sales did not equal or exceed
$500,000, the Court would still have subject matter jurisdiction
to address his claims under the New York Labor Law.

4

The parties having reported a settlement, the complaint is dismissed with prejudice and without costs.   The Clerk of the Court is directed to mark this matter closed.

Dated:   New York, New York
         December 4, 2015

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel

5