UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOSE LUIS SANCHEZ, individually and on behalf of others similarly situated,

Plaintiffs,

New York, N.Y.

v.

14 Civ. 5468(HBP)

CHARITY RESTAURANT CORP. (d/b/a CARIDAD RESTAURANT),LAZARO PICHARDO and RUBEN PICHARDO,

Defendants.

------------------------------x

December 3, 2015
10:38 a.m.

Before:

HON. HENRY B. PITMAN,

District Judge

APPEARANCES

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
BY: SHAWN CLARK

HANG & ASSOCIATES, PLLC
Attorneys for Defendants
BY: JIAN HANG

- also present -

Steven Maldonado
Lydia Kutcher,
Spanish Language Interpreters

Settlement

THE COURT: Good morning. Please be seated, all.

THE CLERK: Sanchez against Charity Restaurant Corporation.

Counsel, please state your name for the record.

MR. CLARK: Good morning, your Honor. Shawn Clark for the plaintiff. Also seated with me at counsel table is a translator, Mr. Steven Maldonado, as well as the plaintiff in this case, Mr. Jose Luis Sanchez.

MR. HANG: Good morning, your Honor. Jian Hang, from Hang & Associates, PLLC, representing all defendants in this case.

On my left side is the individual defendant Ruben Pichardo. In the middle is the translator, and the last is the individual defendant Lazaro Pichardo.

Thank you, your Honor.

THE COURT: All right. Thank you.

I think the first order of business will be for Mr. Hampton to swear the two interpreters.

I'm sorry, Mr. Clark, your interpreter's name is what?

MR. CLARK: Mr. Steven Maldonado.

THE COURT: OK. Mr. Hampton, could you swear in Mr. Maldonado.

(Interpreter Steven Maldonado was sworn)

THE CLERK: Thank you.

THE COURT: And, Mr. Hang, your interpreter's name is?

What is the name of your interpreter, Mr. Hang?

INTERPRETER KUTCHER: I am Lydia Kutcher. Lydia, L-y-d-i-a; last name Kutcher, K-u-t-c-h-e-r.

THE COURT: OK. Mr. Hampton, could you swear Ms. Kutcher.

(Interpreter Lydia Kutcher was sworn)

THE CLERK: You may be seated.

THE COURT: All right. Mr. Clark, where do we stand?

MR. CLARK: Your Honor, we have reached a settlement agreement this morning right before trial in this matter. I believe, given the history of this case, if we could put the settlement on the record -- and to what extent your Honor is comfortable with, we could speak to the fairness of the settlement -- it would be advantageous rather than waiting for a formal settlement document to be prepared and executed and a more formal fairness submission.

THE COURT: Do you want to put the terms of the settlement on the record.

MR. CLARK: Yes, your Honor.

The settlement terms are $140,000 over two-and-a-half years, with a down payment of $25,000 due within 45 days of final approval of the settlement. A confession of judgment is to be executed by the defendants for $140,000 minus any payments made on the settlement. The settlement funds will be paid by a 1099 to Michael Faillace & Associates.

The attorney's fees in the case --

THE COURT: One second.

(Pause)

Go ahead.

MR. CLARK: And the attorney's fees in the case, pursuant to the retainer agreement for the plaintiff in this matter, are 40 percent of the settlement amount.

THE COURT: And those are the material terms of the settlement agreement?

MR. CLARK: To plaintiff's understanding, yes.

THE COURT: And I presume the parties also will exchange general releases?

MR. CLARK: Yes, your Honor.

THE COURT: OK. If the case proceeded to trial, how much does the plaintiff say Mr. Sanchez could recover?

MR. CLARK: Yes, your Honor. In the event that trial went forward and the plaintiff recovered the total amount that he is owed, our estimate of damages would be that he receives overtime damages of $98,580.

THE COURT: I'm sorry, give me that number again, please.

MR. CLARK: $98,580 in overtime damages.

THE COURT: Go ahead.

MR. CLARK: Liquidated damages and prejudgment interest on overtime damages of $179,198.44.

THE COURT: Mm-hmm.

MR. CLARK: In addition, there are New York Labor Law annual wage notice and wage statement claims in the case, and both of those would have damages of $2,500. All --

THE COURT: A total of 2,500 plus 2,500?

MR. CLARK: Yes, your Honor.

And then, also, all the claims are attorney's-fees bearing claims.

THE COURT: So if Mr. Sanchez prevailed on all claims, his recovery exclusive of attorney's fees would be approximately $280,000?

MR. CLARK: Yes, your Honor.

THE COURT: All right. And do you want to tell me why this settlement is reasonable from the plaintiff's point of view.

MR. CLARK: Yes, your Honor. There are a few different issues in the case.

Substantively, the primary issues are, first, as to the FLSA claim, a question of whether the elements of enterprise jurisdiction have been met. In particular, the defendants allege, and their tax returns suggest, they could potentially have a gross volume of sales of under $500,000.

Now, I believe that there is both -- there would be adequate testimony in the record from our plaintiff and his recollection and knowledge of the business it carried out in

order to support a finding on the FLSA claims that enterprise coverage does exist, however, that would be a disputed issue in the case.

In the event that enterprise coverage was not found, certainly our argument would be, and what has been accepted by many courts here in the Southern District, that the $500,000 issue is an element of the FLSA claim rather than purely a jurisdictional matter. There is some question about that and what the consequences of failing to prove in the eyes of the fact finder the $500,000 element of this particular claim.

The other issue in this case is the defendants' ability to pay. This is the defendants' third attorney in this matter. There was a previous settlement in this case which defendants refused to sign the final documents for. My understanding of the reason for that is that they did not realize that they did not have the financial resources to pay that settlement and that the only alternative to going forward with the case was personal and corporate bankruptcy. Given this aspect of the case, plaintiffs have to balance both the potential risks in the case, the potential recovery in the case, and the potential that plaintiff will obtain a judgment that he cannot effectively enforce.

In light of all --

THE COURT: The prior settlement that defendants refused to sign, what was the amount of that settlement?

MR. CLARK: My recollection is it was $150,000 and over a term of six months.

THE COURT: I see.

MR. CLARK: So the plaintiff has had in this settlement agreement to compromise in both the amount and the period of time for repayment. I am happy to report that he did not compromise significantly as to the amount and instead most of the change in the material terms of the settlement reflect an increased payment term, which I think fairly -- is a fair compromise in light of the issues raised concerning the individual defendants and the corporate defendant's financial situation.

THE COURT: My understanding from the pretrial submissions is that the parties also dispute the number of hours that Mr. Sanchez worked.

MR. CLARK: That is true, your Honor. I will say that in this particular case no records whatsoever were maintained by the defendants, and, accordingly, plaintiffs believe that after trial the plaintiff's version of hours worked and pay received would be found, but that does remain a contested aspect of the case.

THE COURT: All right. Anything else you want to tell me, Mr. Clark?

MR. CLARK: Nothing for the plaintiffs, your Honor.

THE COURT: OK. Mr. Sanchez, you've heard everything

that Mr. Clark just said, is that correct?

MR. SANCHEZ: Yes, sir.

THE COURT: OK. And did Mr. Clark's description of the settlement accurately reflect your understanding of the settlement?

MR. SANCHEZ: Yes, sir.

THE COURT: OK. And do you agree to those settlement terms as Mr. Clark described them?

MR. SANCHEZ: Yes, sir.

THE COURT: OK. All right. Mr. Hang, has Mr. Clark accurately stated the terms of the settlement?

MR. HANG: Yes, your Honor.

THE COURT: Mr. Lazaro Pichardo, did you hear Mr. Clark, the attorney for Mr. Sanchez, did you hear Mr. Clark describe the terms of the settlement?

MR. L. PICHARDO: Yes.

THE COURT: Did Mr. Clark accurately describe the terms of the settlement as you understand them?

MR. L. PICHARDO: Yes, your Honor.

THE COURT: And are you agreeing to the terms of the settlement that Mr. Clark described both on behalf of yourself and on behalf of Charity Restaurant Corporation?

MR. L. PICHARDO: Yes, your Honor.

THE COURT: All right. And Mr. Ruben Pichardo, the same questions. Do you understand the terms of the settlement

as Mr. Clark described them?

MR. R. PICHARDO: Yes, your Honor.

THE COURT: And did his description of the terms of the settlement accurately reflect your understanding of the settlement?

MR. R. PICHARDO: Yes, your Honor.

THE COURT: And do you agree to the terms of the settlement as Mr. Clark described them both on behalf of yourself and on behalf of Charity Restaurant Corporation?

MR. R. PICHARDO: Yes, your Honor.

THE COURT: OK. Mr. Clark, just one question. The Confession of Judgment, is that going to be on behalf of all three defendants?

MR. CLARK: That is my understanding. Certainly that's something that if Mr. Hang has some clarification on that he would like to make, I am welcome to hear it, but my understanding is the Confession of Judgment will be on behalf of all three defendants.

THE COURT: Mr. Hang, is that your understanding?

MR. HANG: Yes, your Honor.

THE COURT: Just one other sort of technical matter here I just want to raise with counsel to make sure there is no kerfuffle down the road.

Mr. Hang, the substitution of counsel here is procedurally defective under the local civil rules. The Local

Civil Rule 1.4 provides, "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing, by affidavit or otherwise, of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

A notice of substitution was filed here but there was no application for a court order -- or a notice of appearance was filed but there was no application for a court order. I just want to inquire -- because of that wrinkle, I just want to inquire both of the individual defendants: Mr. Lazaro Pichardo, you are satisfied with Mr. Hang's representation, is that correct?

MR. L. PICHARDO: Yes, your Honor.

THE COURT: And you are agreeing to be bound by the settlement that we discussed here today, correct?

MR. L. PICHARDO: Yes.

THE COURT: Mr. Ruben Pichardo, the same question. You are satisfied with Mr. Hang's representation?

MR. R. PICHARDO: Yes, your Honor.

THE COURT: And you are agreeing to the settlement that we have discussed here today, correct?

MR. R. PICHARDO: Yes, your Honor. It is correct.

THE COURT: OK. All right. Mr. Hang, I am going to issue -- I mean, the order approving the settlement, which I am going to grant, is also going to substitute you as counsel, but in the future you really do need to comply with Local Civil Rule 1.4.

MR. HANG: Yes, your Honor. Thank you.

THE COURT: OK. All right.

Mr. Clark, anything else we should be considering from your point of view?

MR. CLARK: Nothing for the plaintiffs.

THE COURT: OK. Mr. Hang, anything else from your point of view?

MR. HANG: Nothing, your Honor. Thank you.

THE COURT: OK. Thank you all very much.

MR. CLARK: Thank you, your Honor.

\- - -