# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                           Facsimile: (212) 317-1620
_____

cmulholland@faillacelaw.com

November 8th, 2018

**BY ECF**
Honorable Henry Pitman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    Sanchez et al v. Charity Rest. Corp. et al.,
               14-cv-05468 (LGS) (HP)

Your Honor:

    I am an attorney for Plaintiff in the above referenced matter and I write to respectfully request that this Court entertain Plaintiff's application to enforce the settlement agreement entered into in this matter.

## SUBJECT MATTER JURISDICTION

    A district court has the power, and indeed the duty, to enforce summarily, on motion, a settlement agreement reached in a case pending before it. *See*, *e.g.*, *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) ("[T]he district court had not only the power but the duty to enforce a settlement agreement which it had approved."); *Lindner v. Am. Express Corp.*, No. 06 Civ. 3834 (JGK), 2007 U.S. Dist. LEXIS 41178, 2007 WL 1623119, at *3 (S.D.N.Y. June 5, 2007). Moreover, it is well-settled that "[p]arties can enter into binding oral agreements." *Figueroa v. City of New York*, No. 05 Civ. 9594, 2011 U.S. Dist. LEXIS 9433, 2011 WL 309061, at *3 (S.D.N.Y. Feb. 1, 2011) (citing *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)). "Where the parties intend to be bound, an oral settlement of a litigation is binding even if a party later changes his or her mind." Id. (citing *Powell v. Omnicom*, 497 F.3d 124, 129-30 (2d Cir. 2007).

    Plaintiff contends that this Court has authority to enforce this settlement because the terms of the agreement are incorporated within the Court's order of dismissal by virtue of the fact that the settlement agreement was allocated on the record before this very Court and the Order of Dismissal itself expressly recited and endorsed the terms of the agreement into the very basis for dismissal.

Page 2

Federal courts are permitted to retain subject matter jurisdiction over settlement agreements in two circumstances: i. where the court expressly retains jurisdiction or ii. where the terms of the agreement are incorporated within the order. **See** *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

Controlling case law discussing the scope of 'incorporation' is scant and ambiguous. In a non-FLSA matter, *StreetEasy, Inc. V. Chertok*, 752 F.3d 298, (2nd Cir. 2014), the Second Circuit reversed a district court's acceptance of jurisdiction where:

> "{T}he order dismissing the underlying case provided that '[b]ased on the settlement agreement reached by all parties and transcribed by the court reporter on January 24, 2012, . . . IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs.' The order does not expressly retain jurisdiction over enforcement of the agreement, nor does it incorporate any of the terms of that agreement."

Within a footnote in *StreetEasy, Inc.*, the Second Circuit discusses briefly the scope of 'incorporation' without offering clear guidance:

> "Although Kokkonen 'does not state how a district court may incorporate a settlement agreement in a dismissal order, the case does suggest the agreement must be 'embodied' in the dismissal order.' Schaefer Fan Co. v. J & D Mfg., 265 F.3d 1282, 1286 (Fed. Cir. 2001) (quoting Miener v. Mo. Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995)). At least one court has suggested that the full text of the settlement agreement should be included in the order of dismissal to constitute incorporation, Bd. of Trs. v. Madison Hotel, Inc., 97 F.3d 1479, 1484 n.8, 321 U.S. App. D.C. 145 (D.C. Cir. 1996), and another has indicated that physical attachment of a settlement agreement to a dismissal order would not be enough, Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 431 (5th Cir. 2002). We need not define the full range of circumstances that would constitute 'incorporation' of a settlement's terms for purposes of conferring ancillary jurisdiction on a district court."

While mere awareness and approval of a settlement agreement is not sufficient for a court to retain jurisdiction, Plaintiff contends that the terms of this FLSA settlement were incorporated within the Court's order of dismissal because the terms of the agreement were expressly set forth on the record through a Court directed allocution coupled with a Court directed inquiry into the fairness of the terms prior to issuing the order of dismissal. Then, the actual Opinion and Order effectuating the Court's dismissal incorporated the terms of the agreement because the Order recited and explicitly endorsed the material terms of the settlement agreement within the four corners of the Order itself.

The Court's order of dismissal of this action was predicated upon the Court's discussion and endorsement of the settlement terms. Indeed, as an FLSA case controlled by the law set forth in *Cheeks*, the very dismissal of this matter required Court endorsement and incorporation of the terms of the settlement agreement into the Order of Dismissal.

## **TIMING RESTRICTIONS OF RULE 60**

The one year time limit set forth in Rule 60 pertains solely to sub sections 60(b)(1), (2) and (3). The catch all provision Rule 60(b)(6) – 'any other reason that justifies relief' – only requires that such a motion be made in a reasonable time.

Pursuant to Fed. R. Civ. P. Rule 60(b)(6), this Court may relieve the parties from a final judgment or order for "any other reason that justifies relief." Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *United Airlines, Inc. v. Brien*, 588 F. 3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986). "It is a 'grand reservoir of equitable power to do justice in a particular case.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Matarese*, 901 F.2d at 106). "Relief is warranted 'where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.'" *United Airlines*, 588 F.3d at 176 (quoting *Matarese*, 801 F.2d at 106).

"Upon repudiation of a settlement agreement which has terminated litigation pending before it, a district court has the authority under 60(b)(6) to vacate its prior dismissal order and restore the case to its docket." *Shor Int'l Corp. v. Eisinger Enters.*, 1993 U.S. Dist. LEXIS 15488,

Page 4

at *4 (S.D.N.Y. Nov. 3, 1993) (quoting *Fairfax Countywide Citizens Ass'n v. County of Fairfax*, 571 F.2d 1299, 1302-03 (4th Cir. 1978)); *see also Keeling v. Sheet Metal Workers Int'l Assn., Local Union 162,* 937 F.2d 408, 410 (9th Cir. 1992) ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order").

Here, the other reason that justifies relief is the Defendants' repudiation of the Court endorsed and Court allocuted agreement upon which dismissal was predicated. As to reasonable time, the Defendants were making their payments obligations under the agreement until relatively recently. After affording the Defendant sufficient time to cure or otherwise negotiate another payment schedule, the Plaintiff brought this motion to enforce.

The Plaintiff thanks the Court for its time and attention. Plaintiff would be willing to submit a further briefing if the Court so desires.

Sincerely,

 /s/Colin Mulholland, Esq.
Colin Mulholland, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs