USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSE LUIS SANCHEZ,　　　　　　　　　　:

　　　　　　　　Plaintiff,　　　　　　:　　14 Civ. 5468 (HBP)

　　-against-　　　　　　　　　　　　:　　OPINION
　　　　　　　　　　　　　　　　　　　　　　AND ORDER
CHARITY REST. CORP., doing　　　　　:
business as "Caridad
Restaurant," et al.,　　　　　　　　:

　　　　　　　　Defendants.　　　　　:

-----------------------------------X

　　　　　　　PITMAN, United States Magistrate Judge:

I. Introduction

　　　　　　　By letter motion dated October 19, 2018, plaintiff seeks to reopen this matter and to enforce the settlement agreement between the parties (Letter Motion, dated Oct. 19, 2018 (Docket Item ("D.I.") 66)). For the reasons set forth below, plaintiff's motion is denied.[1]

II. Background

　　　　　　　This was an action seeking damages for allegedly unpaid overtime premium pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiff was formerly employed as a cook at a restaurant owned

---

　　[1]All parties previously consented to my exercising plenary jurisdiction in this matter.

and operated by defendants and located in the Bronx. The parties reached a settlement immediately before the commencement of trial on December 3, 2015. In pertinent part, the settlement required defendants to make installment payments to plaintiff totaling $140,000.000. I approved the settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015), and ordered the action dismissed with prejudice on December 4, 2015 (Opinion and Order, dated Dec. 4, 2015 (D.I. 63)).

On October 19, 2018, plaintiff filed the current letter motion seeking to enforce the settlement. Plaintiff advises that defendants have paid $120,000.00 of the $140,000.00 settlement and that defendants last made a payment on September 8, 2017 (Letter Motion, dated Oct. 19, 2018 (D.I. 66)). I ordered plaintiff to submit a supplemental letter addressing whether (1) the Court has subject matter jurisdiction to entertain his application and (2) the application is time-barred pursuant to Fed.R.Civ.P. 60(c)(1) (Order, dated Oct. 23, 2018 (D.I. 68)); plaintiff submitted his memorandum of law on November 8, 2018 (Memo. of Law, dated Nov. 8, 2018 (D.I. 69) ("Pl. Memo.")).

III. Analysis

   A. Applicable Legal Standards

      1. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); accord Gunn v. Minton, 568 U.S. 251, 256 (2013).

> In keeping with this principle, a district court "does not automatically retain jurisdiction to hear a motion to enforce" a settlement agreement simply by virtue of having disposed of the original case. In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011). Instead, a motion to enforce a settlement agreement is fundamentally "a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit," Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673, and therefore "requires its own basis for jurisdiction," id. at 378, 114 S.Ct. 1673.

Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). "[T]o retain ancillary jurisdiction over enforcement of a settlement agreement, . . . a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Hendrickson v. United States, supra, 791 F.3d at 358, citing Kokkonen v. Guardian Life Ins. Co., supra, 511 U.S. at 381 and StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305 (2d Cir. 2014). "[A] district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial

3

imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate." Melchor v. Eisen & Son Inc., 15 Civ. 113 (DF), 2016 WL 3443649 at *6 (S.D.N.Y. June 10, 2016) (Freeman, M.J.) (emphasis added), citing Hendrickson v. United States, supra, 791 F.3d at 359; accord Trs. of United Union of Roofers, Waterproofers & Allied Workers Local 154 Welfare, Pension, Annuity, & Apprenticeship & Training Funds v. DME Constr. Assocs., CV 15-4176 (JS)(AKT), 2017 WL 9485724 at *5 (E.D.N.Y. Feb. 27, 2017) (Report & Recommendation), adopted at, 2017 WL 1134728 (E.D.N.Y. Mar. 27, 2017); Mao v. Mee Chi Corp., 15 Civ. 1799 (JCF), 2016 WL 675432 at *1 (S.D.N.Y. Feb. 11, 2016) (Francis, M.J.).

2. Timeliness

Fed.R.Civ.P. 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[2]  "In

---

[2]It is not at all clear that Rule 60 permits the relief plaintiff seeks, namely, enforcement of the settlement agreement. Under certain circumstances, Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding . . . ."  If I were to relieve plaintiff from my Order approving the settlement and dismissing the action, the result would be the rescission of the settlement agreement and the reinstatement of the action.  If the settlement were rescinded, plaintiff would have to return to defendants the $120,000.00 that has already been paid to plaintiff pursuant to the settlement
(continued...)

4

considering whether a Rule 60(b)(6) motion is timely, [a court] must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." PRC Harris, Inc. V. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983); accord Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017); SEC v. Durante, 641 F. App'x 73, 78 (2d Cir. 2016) (summary order); Flemming v. New York, 423 F. App'x 64, 65 (2d Cir. 2011) (summary order).

    B.  Application of the Foregoing Principles

        1.  <u>Subject Matter Jurisdiction</u>

Plaintiff argues that this Court retains jurisdiction to enforce the settlement because the Order of dismissal incorporated the terms of the agreement (Pl. Memo. at 3). Specifically, plaintiff contends that the recitation of the material terms of the settlement in open court on December 3, 2015, my inquiry into the fairness of the settlement and the recitation of the material terms of the settlement in the Order of dismissal satisfy Kokkonen's incorporation requirement (Pl. Memo. at 3). However, plaintiff correctly notes the absence of controlling authority

---

²(...continued)
agreement. It is highly doubtful that this is the "relief" plaintiff is seeking.

that clearly defines incorporation in this context (Pl. Memo. at 2).

Several District Court cases have addressed the issue of whether a federal court retains jurisdiction to enforce a settlement in an FLSA action where the Court has approved the settlement but has not expressly retained jurisdiction to enforce the settlement. These cases have all held that the a court does not have jurisdiction to enforce the settlement simply because the court approved it. As succinctly explained in Mao v. Mee Cho Corp., supra, 2016 WL 675432 at *1:

> The Court lacks jurisdiction to enforce the agreement. In order to retain ancillary jurisdiction over enforcement of a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citing Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994)). It is not enough that the court somehow have given the settlement its "judicial imprimatur." Id. at 358-59. Here, there was no express retention of jurisdiction, nor were the terms of the agreement incorporated in the order of dismissal. Nor is there any suggestion in Cheeks that by mandating review of FLSA settlements, the Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements. Finally, the plaintiffs have not suggested any alternative basis for jurisdiction.

Accord Otequi v. City Works Constr. LLC, Case No. 41-21057-CIV-Williams/Simonton, 2017 WL 945638 at *3 (S.D. Fla. Jan. 17, 2017); Melchor v. Eisen & Son Inc., supra, 2016 WL 3443649 at *5-*6; Warren v. Pepin & Pearl, Inc., No. 8:09-CV-2153-T-17 EAJ,

6

2010 WL 4513424 at *1-*2 (M.D. Fla. Nov. 2, 2010); see also Vazquez v. Insight Behavioral Health Specialists, LLC, Case No. 6:16-cv-1827-Orl-22GJK, 2017 WL 3588684 at *5 (S.D. Fla. Aug. 2, 2017) (Report & Recommendation) (recognizing that federal court has jurisdiction to enforce FLSA settlement only where there is an express retention of jurisdiction), adopted at, 2017 WL 3583562 (S.D. Fla. Aug. 17, 2017).

Given this array of authority and the absence of any countervailing authority, I conclude that I lack jurisdiction to enforce the settlement. There is nothing in the parties' settlement agreement suggesting that the Court would retain jurisdiction, and, as noted above, the mere fact that the settlement agreement was approved by the Court is insufficient to constitute a retention of jurisdiction.[3]

2. Timeliness

Plaintiff argues that his motion pursuant to Rule 60(b)(6) is timely because "[d]efendants were making their payments [sic] obligations under the agreement until relatively recently," and plaintiff "afford[ed] [defendants] sufficient time

---

[3] I note that the lack of subject matter jurisdiction to enforce the settlement does not leave plaintiff without a federal remedy. The settlement agreement provided, among other things, that plaintiff had the right to file a judgment by confession with respect to any unpaid installments.

7

to cure or otherwise negotiate another payment schedule" before filing his motion (Pl. Memo. at 4).

Plaintiff's argument is not persuasive. In Mpala v. Segarra, 718 F. App'x 84, 85 (2d Cir. 2018) (summary order), the Second Circuit affirmed the denial of a Rule 60(b) motion as untimely where the plaintiff filed his motion within one year of the judgment but "offered no explanation for why he waited until the end of that full year to file." See also SEC v. Durante, supra, 641 F. App'x at 78-79 (unexplained delay of more than 29 months unreasonable); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (delay of 26 months "patently unreasonable . . . absent mitigating circumstances"). Here, plaintiff filed his motion almost three years after I issued the Order of dismissal and more than a year after he claims defendants made their last payment. Plaintiff's claim that he delayed seeking judicial relief because he wanted to afford defendants the opportunity to resume making payments or to renegotiate the payment schedule does not justify such a significant delay in filing the current motion. Thus, plaintiff's Rule 60(b) motion is denied as untimely.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to reopen this matter and enforce the settlement agreement

8

is denied. The Clerk of the Court is respectfully requested to mark Docket Item 66 closed.

Dated: New York, New York
September 4, 2019

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel